# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Ernest Neil Spaulding
7889 Harbor Town Avenue
Las Vegas, NV 89113
(775) 271-0022
ernest62@gmail.com

Plaintiff,

-v-

Lincoln National Life
Insurance Company
1301 S. Harrison Street
Fort Wayne, IN 46802
(877) 275-5462

Defendant.

CASE NO.: 2:24-cv-01520-MDC
JUDGE:

**COMPLAINT FOR: (1) BREACH OF CONTRACT & (2) BREACH OF DUTY OF GOOD FAITH**

✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
AUG 19 2024
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: RJDG DEPUTY

## I. PARTIES

1. Plaintiff Ernest Neil Spaulding (hereinafter "SPAULDING") is an individual citizen and resident of Clark County, Nevada, who entered into a contract of disability insurance with Defendant, Lincoln National Life Insurance Company in Clark County, Nevada.

2. Defendant Lincoln National Life Insurance Company (hereinafter "LINCOLN") is an Indiana domestic insurance corporation (Business ID: 191105-166) and was conducting business in Nevada as a disability insurer at all times relevant to this action.

3. SPAULDING was formerly employed as a marketing representative for employer Hilton Grand Vacations ("Hilton") and was effectively enrolled in a short-term disability policy with LINCOLN. A copy of the "Benefits Confirmation Statement" is attached to this *Complaint*, marked as exhibit "A," and incorporated by reference.[1]

## II. JURISDICTION AND VENUE

4. Jurisdiction of the court is based on the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C.A. §§ 1132. These provisions give the district court's jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance plan underwritten by LINCOLN, for the benefit of SPAULDING. In addition, this action may be brought before this court pursuant to 28 U.S.C.A. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

5. The ERISA statute provides, at 29 U.S.C.A. § 1133, a mechanism for administrative or internal appeal of benefit denials.

---

[1] A copy of SPAULDING's Hilton Grand Vacation Payslip, dated August 22, 2022, demonstrates that a biweekly deduction entitled "STD Buy up" was subtracted from his wages for payment of the disability insurance, and is attached to this Complaint, marked as exhibit "B," and incorporated by reference.

6. While these avenues of appeal have not been exhausted, SPAULDING's failure to exhaust administrative remedies is excused because: 1) there has been a lack of meaningful access to the review measures, 2) his request for a copy of the policy at issue was not honored, and 3) exhaustion of internal remedies would be futile.

7. The contract of insurance at issue in this action, was entered into in whole or in part in Clark County, Nevada. The denial of the valid claim for benefits under the subject contract of insurance policy also occurred in Clark County, Nevada.

8. LINCOLN has continuous and systematic business relationships and contacts with this state and was doing business within this County when a substantial part of the events or omissions that give rise to this *Complaint* occurred.

9. LINCOLN may be served with process in Indiana through service upon its business commercial registered agent, Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

## III. FACTUAL ALLEGATIONS

10. At all times relevant to this action, SPAULDING was insured under a short-term disability insurance policy issued by LINCOLN. The contract of

insurance provides[2] a benefit in an amount of fifteen-thousand-dollars ($15,000.00) and was constructed to pay a benefit to SPAULDING in the event that he could not work because of a covered illness or injury.

11. In early December 2023, SPAULDING contracted COVID-19,[3] a catastrophic medical event that resulted in exhaustion, respiratory complications, ambulatory difficulties, confusion, fatigue, paleness, and loss of appetite. He immediately sought medical treatment for his afflictions and their complications, but nevertheless could not perform the substantial and materials duties of his occupation. SPAULDING desperately wanted to recover from his devastating and crippling illness in order to return to the occupational duties that he had enjoyed and pursued.

12. The short-term disability insurance policy, drafted and issued by LINCOLN, was in force at the time of SPAULDING's disability; he has performed all duties required of him under the policy, including the timely payment of premiums.

---

[2] The exact terms of the contract of insurance are unknown at this juncture. SPAULDING requested a copy of the policy on April 10, 2024, and no document has been forthcoming. *See* correspondence, attached to this *Complaint*, marked as exhibit "C," and incorporated by reference.

[3] *See also* EEOC charge of discrimination dated April 10, 2024, attached to this *Complaint*, marked as exhibit "D," and incorporated by reference.

13. On February 2, 2024, SPAULDING submitted his claim for disability under LINCOLN's policy of insurance. A copy of the submission (claim #15318345) is attached to this *Complaint*, marked as exhibit "E," and incorporated by reference. SPAULDING submitted to LINCOLN all appropriate documentation on the insurance claim in accordance with the terms of the policy.

14. On or around February 2, 2024, SPAULDING was granted unemployment benefits by Nevada Department of Employment, Training, and Rehabilitation ("DETR"), after being wrongfully discharged from employment by Hilton.[4]

15. On February 13, 2024, LINCOLN responded by denying SPAULDING's claim, and wrongfully refused to pay any amounts pursuant to the contract of insurance and in violation of Nevada state law.[5] The letter asserts that "[s]ince your date of disability is January 12, 2024, and you were terminated on January 11, 2024, we are unable to approve your claim."

16. Upon receipt of LINCOLN's unequivocal refusal to pay the benefits promised by the policy, SPAULDING provided LINCOLN with written notice of his intentions to appeal their decision and requested a copy of the *Hilton*

---

[4] *See* DETR decision dated February 2, 2024, attached to this Complaint, marked as exhibit "F," and incorporated by reference.

[5] A copy of LINCOLN's denial letter is attached to this *Complaint*, marked as exhibit "G," and incorporated by reference.

*Grand Vacation Group Disability Policy*[6] that had never been provided to him for the purpose of appeal. To date, no document has been forthcoming.

17. Despite its continuing duty of good faith and fair dealing even after the onset of disability, LINCOLN has continued to withhold the amounts due under the policy and has refused to conduct a full, fair and appropriate investigation of SPAULDING 's claim.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT OF INSURANCE**

18. Plaintiff adopts by reference and re-alleges each and every allegation of this *Complaint* the same as though specifically set out here again.

19. At all times relevant to this action, SPAULDING was an insured under the subject valid and existing short-term disability insurance policy which provided a benefit of fifteen-thousand-dollars ($15,000.00) resulting from the illness suffered.

20. SPAULDING performed his obligations under the policy by making biweekly premium payments to LINCOLN via payroll deductions through employer Hilton.

21. LINCOLN breached the subject contract of insurance by refusing to pay any benefits for the valid claim arising out of SPAULDING's covered loss.

---

[6] Multiple phone calls to LINCOLN's offices were also unreturned.

LINCOLN continues to breach its contractual duties under the insurance policy by failing and refusing to pay full benefits owed and by failing to perform its duties as set out in the contract and required by Nevada law.

22. LINCOLN's breach has caused damages in the amount to be proven at trial.

## SECOND CAUSE OF ACTION
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

23. SPAULDING adopts by reference and re-alleges each and every allegation of this *Complaint* the same as though specifically set out here again.

24. At all times relevant to this action, LINCOLN owed SPAULDING under Nevada law an implied duty of good faith and fair dealing in connection with the subject policy and the special relationship that arose from it. LINCOLN's duty in this regard included a good faith obligation to honor the policy as written and to properly pay benefits owed to SPAULDING.

25. The Defendant has failed and refused to act in good faith, and instead deliberately breached the contract of insurance. The wrongful denial of this claim by LINCOLN was in violation of its obligation of good faith and fair dealing in its claims handling activities under Nevada law, and SPAULDING has incurred extra-contractual losses and damages as a result of LINCOLN's wrongful denial.

26. LINCOLN has breached its duty of good faith and fair dealing owed to SPAULDING in the following respects: (a) unreasonable and bad faith failure to pay disability insurance benefits at a time when LINCOLN knew SPAULDING was entitled to those benefits under the terms of the policy; (b) unreasonably misrepresenting to SPAULDING pertinent facts and insurance policy provisions in relation to the insurance coverages at issue; (c) bad faith failure to reasonably and promptly investigate and process SPAULDING's claim for disability insurance benefits; (d) not attempting in good faith to effectuate a prompt, fair and equitable settlement of SPAULDING's claim at a time when liability was reasonably clear; and (e) bad faith failure to provide a reasonable explanation of the basis relied on in the policy, in relation to the applicable facts, for its refusal to honor SPAULDING's claim.

27. SPAULDING is informed and believes and therefore alleges that LINCOLN has breached its duty of good faith and fair dealing owed to SPAULDING by other acts or omissions of which SPAULDING is presently unaware. SPAULDING will seek leave of the court to amend this *Complaint* at such times as SPAULDING discovers the other acts or omissions of LINCOLN constituting such breach and to name such additional defendants as may be identified.

28. As a proximate result of the mentioned wrongful conduct of LINCOLN, SPAULDING has suffered, and will continue to suffer in the future, damages under the policy, plus interest, for a total amount to be shown at the time of trial.

29. LINCOLN's described conduct was intended by it to cause injury to SPAULDING and was despicable conduct carried on with a willful and conscious disregard of the rights of SPAULDING, subjecting him to cruel and unjust hardship in conscious disregard of SPAULDING's rights, with the intention, implied or in fact, to deprive SPAULDING of property, legal rights, or to otherwise oppress and/or cause injury, such as to constitute malice, oppression, thus entitling SPAULDING to punitive and/or exemplary damages in an amount appropriate to punish or set an example of LINCOLN.

## IV. PRAYER FOR RELIEF

WHEREFORE, SPAULDING sues and demands judgment against LINCOLN, for:

a) damages for failure to provide benefits under the described Policy, and other compensatory and consequential damages, plus all interest as provided by law, including prejudgment interest, in sums to be determined at trial;

b) general damages for anxiety, mental and emotional distress and other incidental damages in a sum to be determined at trial;

c) costs of suit incurred; and

d) punitive and/or exemplary damages in an amount appropriate to punish LINCOLN.

RESPECTFULLY SUBMITTED:

______________________________

Ernest Neil Spaulding, Pro Se
7889 Harbor Town Avenue
Las Vegas, NV 89113
(702) 201-1782
ernest62@gmail.com

# EXHIBIT

# A

LINCOLN NATL LIFE INS CO
PO BOX 1110
FORT WAYNE, IN 46801

066127 90042497802 4 01 01 1 0000 0 000
GRPPROT-1087
ERNEST N SPAULDING
7889 HARBOUR TOWNE AVE
LAS VEGAS, NV 89113-1387

## Notice to Employee

**Do you have to file?** Refer to the Form 1040 instructions to determine if you are required to file a tax return. Even if you don't have to file a tax return, you may be eligible for a refund if box 2 shows an amount or if you are eligible for any credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2023 if your adjusted gross income (AGI) is less than a certain amount. The amount of the credit is based on income and family size. Workers without children could qualify for a smaller credit. You and any qualifying children must have valid social security numbers (SSNs).

You can't take the EIC if your investment income is more than the specified amount for 2023 or if income is earned for services provided while you were an inmate at a penal institution. For 2023 income limits and more information, visit www.irs.gov/EITC. See also Pub. 596. **Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.**

**Employee's social security number (SSN).** For your protection, this form may show only the last four digits of your SSN. However, your employer has reported your complete SSN to the IRS and the Social Security Administration (SSA).

**Clergy and religious workers.** If you aren't subject to social security and Medicare taxes, see Pub. 517.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the SSA to correct any name, SSN, or money amount error reported to the SSA on Form W-2. Be sure to get your copies of Form W-2c from your employer for all corrections made so you may file them with your tax return. If your name and SSN are correct but aren't the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 800-772-1213. You may also visit the SSA website at www.SSA.gov.

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in box 12, using code DD, of the cost of employer-sponsored health coverage is for your information only. **The amount reported with code DD is not taxable.**

**Credit for excess taxes.** If you had more than one employer in 2023 and more than $9,932.40 in social security and/or Tier 1 railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. See the Form 1040 instructions. If you had more than one railroad employer and more than $5,821.20 in Tier 2 RRTA tax was withheld, you may be able to claim a refund on Form 843. See the Instructions for Form 843.

(See also Instructions for Employee on the back of Copy C.)

## Instructions for Employee

(See also Notice to Employee on the back of Copy B.)

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 5.** You may be required to report this amount on Form 8959. See the Form 1040 instructions to determine if you are required to complete Form 8959.

**Box 6.** This amount includes the 1.45% Medicare tax withheld on all Medicare wages and tips shown in box 5, as well as the 0.9% Additional Medicare Tax on any of those Medicare wages and tips above $200,000.

**Box 8.** This amount is **not** included in box 1, 3, 5, or 7. For information on how to report tips on your tax return, see the Form 1040 instructions.

You must file Form 4137 with your income tax return to report at least the allocated tip amount unless you can prove with adequate records that you received a smaller amount. If you have records that show the actual amount of tips you received, report that amount even if it is more or less than the allocated tips. Use Form 4137 to figure the social security and Medicare tax owed on tips you didn't report to your employer. Enter this amount on the wages line of your tax return. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount includes the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over your employer's plan limit is also included in box 1. See Form 2441.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan, or (b) included in box 3 and/or box 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount. This box shouldn't be used if you had a deferral and a distribution in the same calendar year. If you made a deferral and received a distribution in the same calendar year, and you are or will be age 62 by the end of the calendar year, your employer should file Form SSA-131, Employer Report of Special Wage Payments, with the Social Security Administration and give you a copy.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $22,500 ($15,500 if you only have SIMPLE plans; $25,500 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $22,500. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2023, your employer may have allowed an additional deferral of up to $7,500 ($3,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age.

Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the Form 1040 instructions.

**Note:** If a year follows code D through H, S, Y, AA, BB, or EE, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

**A**- Uncollected social security or RRTA tax on tips. Include this tax on Form 1040 or 1040-SR. See the Form 1040 instructions.

**B**- Uncollected Medicare tax on tips. Include this tax on Form 1040 or 1040-SR. See the Form 1040 instructions.

**C**- Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to the social security wage base), and 5)

**D**- Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

**E**- Elective deferrals under a section 403(b) salary reduction agreement

**F**- Elective deferrals under a section 408(k)(6) salary reduction SEP

**G**- Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

**H**- Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See the Form 1040 instructions for how to deduct.

**J**- Nontaxable sick pay (information only, not included in box 1, 3, or 5)

**K**- 20% excise tax on excess golden parachute payments. See the Form 1040 instructions.

**L**- Substantiated employee business expense reimbursements (nontaxable)

**M**- Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See the Form 1040 instructions.

**N**- Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See the Form 1040 instructions.

**P**- Excludable moving expense reimbursements paid directly to a member of the U.S. Armed Forces (not included in box 1, 3, or 5)

**Q**- Nontaxable combat pay. See the Form 1040 instructions for details on reporting this amount.

**R**- Employer contributions to your Archer MSA. Report on Form 8853.

**S**- Employee salary reduction contributions under a section 408(p) SIMPLE plan (not included in box 1)

**T**- Adoption benefits (not included in box 1). Complete Form 8839 to figure any taxable and nontaxable amounts.

**V**- Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to the social security wage base), and 5). See Pub. 525 for reporting requirements.

**W**- Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889.

**Y**- Deferrals under a section 409A nonqualified deferred compensation plan

**Z**- Income under a nonqualified deferred compensation plan that fails to satisfy section 409A. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See the Form 1040 instructions.

**AA**- Designated Roth contributions under a section 401(k) plan

**BB**- Designated Roth contributions under a section 403(b) plan

**DD**- Cost of employer-sponsored health coverage. **The amount reported with code DD is not taxable.**

**EE**- Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**FF**- Permitted benefits under a qualified small employer health reimbursement arrangement

**GG**- Income from qualified equity grants under section 83(i)

**HH**- Aggregate deferrals under section 83(i) elections as of the close of the calendar year

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct. See Pub. 590-A.

**Box 14.** Employers may use this box to report information such as state disability insurance taxes withheld, union dues, uniform payments, health insurance premiums deducted, nontaxable income, educational assistance payments, or a member of the clergy's parsonage allowance and utilities. Railroad employers use this box to report railroad retirement (RRTA) compensation, Tier 1 tax, Tier 2 tax, Medicare tax, and Additional Medicare Tax. Include tips reported by the employee to the employer in railroad retirement (RRTA) compensation.

**Note:** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help **protect your social security benefits**, keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year.



066127 90042497802 4 01 01 1 0000 0 000

# EXHIBIT

# B

Hilton
GRAND VACATIONS

# Payslip



| Employee Name | Employer Name | Payroll |
|---|---|---|
| Ernest (Neil) Spaulding | Hilton Resorts Corporation | HGV US BIWEEKLY ARREARS |
| **Person Number** | **Salary Basis Name** | **Job Title** |
| 2054938 | Hourly | Marketing Representative Front Desk |
| **Adjusted Service Date/Hire Date** | **Department** | |
| 16-Aug-2022 | 3051MKIH | |
| **Employee Address** | **Employer Address** | |
| 7889 Harbour Towne Ave<br>Las Vegas, NV 89113<br>US | 5323 Millenia Lakes Blvd.<br>Suite 400<br>Orlando,FL<br>United States<br>1-407-613-3100 | |

| Period Type | Period Start Date | Period End Date | Payment Date | Base Salary |
|---|---|---|---|---|
| Biweekly | 22-Sep-2023 | 5-Oct-2023 | 12-Oct-2023 | 11.25 |

**Summary**

| Description | Current | Year to Date |
|---|---|---|
| Gross Earnings | 1,071.99 | 3,386.32 |
| Pretax Deductions | 104.18 | 300.06 |
| Employee Tax Deductions | 78.14 | 254.02 |
| Involuntary Deductions | 0.00 | 52.68 |
| Voluntary Deductions | 243.00 | 773.74 |
| Net Payment | 646.67 | 2,005.82 |

| Description | Start Date | End Date | Hours | Rate | Multiple | Amount |
|---|---|---|---|---|---|---|
| Regular Hourly | | | 77.51 | 11.25 | 1.00 | 871.99 |

**Earnings**

| Description | Current | Year to Date |
|---|---|---|
| Overtime | 0.00 | 54.00 |
| Premium Overtime | 0.00 | 36.67 |
| Regular Hourly | 871.99 | 2,005.65 |
| Sales Overrides | 50.00 | 150.00 |
| Tours Override | 150.00 | 300.00 |
| HGV US Paid Time Off Entitlement Payment | 0.00 | 840.00 |

**Pretax Deductions**

| Description | Current | Year to Date |
|---|---|---|
| 401K | 53.60 | 123.03 |
| BEN_Dental | 36.70 | 128.45 |
| BEN_Vision | 13.88 | 48.58 |

**Tax Deductions**

| Description | Current | Year to Date |
|---|---|---|
| Social Security Employee Withheld | 63.33 | 198.98 |
| Medicare Employee Withheld | 14.81 | 46.53 |
| FIT Withheld | 0.00 | 8.51 |

**Other Deductions**

| Description | Current | Year to Date |
|---|---|---|
| BEN_LTD | 53.92 | 188.72 |

Hilton
GRAND VACATIONS

**Payslip**



| | | |
|---|---|---|
| BEN_Spouse Life insurance | 50.06 | 175.21 |
| BEN_Supplemental Life Insurance | 135.00 | 397.75 |
| STD Buy up | 4.02 | 12.06 |
| Garnishments (22C013976-01) | 0.00 | 49.68 |

**Hours**

| Description | Current | Year to Date |
|---|---|---|
| HGV US Paid Time Off Entitlement Hours | 0.00 | 80.00 |
| HGV_Overtime Hours Worked | 0.00 | 4.80 |
| HGV_Premium OT Hours Worked | 0.00 | 5.26 |
| HGV_Regular Hourly Hours Worked | 77.51 | 178.28 |
| Total Hours Worked | 77.51 | 183.08 |

**Net Pay Distribution**

| Check/Deposit Number | Bank Name | Branch Name | Account Number | Currency | Payment Amount |
|---|---|---|---|---|---|
| 1214506511 | WELLS FARGO BANK, NA | 121000248 | XXXXXXXXXXXXX2502 | USD | 646.67 |

**Absences**

| Absence Type | Current Balance In Hours |
|---|---|
| HGV US Paid Time Off Accrual Hours | 216.00 |
| HGV_Sick Leave Accrual Hours | 40.00 |

**Employer Contributions**

| Description | Current | Year to Date |
|---|---|---|
| 401K Employer Match | 42.88 | 112.31 |

**Taxable Earnings**

| Description | Current | Year to Date |
|---|---|---|
| FIT Reduced Subject Withholdable | 967.81 | 3,086.26 |
| Medicare Employee Reduced Subject Withholdable | 1,021.41 | 3,209.29 |
| Social Security Employee Taxable | 1,021.41 | 3,209.29 |

# EXHIBIT

# C

NLS
NEVADA LEGAL SERVICES

LAS VEGAS
701 E. Bridger, Ste. 700
Las Vegas, NV 89101
Phone (702) 386-0404
Toll Free (866) 432-0404
Fax (702) 388-1641

RENO
449 S. Virginia St, 3rd Fl
Reno, NV 89501
Phone (775) 284-3491
Toll Free (800) 323-8666
Fax (775) 284-3497

CARSON CITY
209 N. Pratt Ave.
Carson City, NV 89701
Phone (775) 883-0404
Fax (775) 461-7237

ELKO
285 10th St.
Elko, NV 89801
Phone (775) 753-5880
Fax (775) 753-5890

YERINGTON
720 Main St., Unit A
Yerington, NV 89447
Phone (775) 463-1222
Fax (775) 463-1212

LSC America's Partner for Equal Justice

Ernest Neil Spaulding
7889 Harbor Town Avenue
Las Vegas, NV 89113
(702) 201-1782
ernest62@gmail.com

Nevada Legal Services, Inc.
www.nevadalegalservices.org
Thomas R. May – Staff Attorney
Veteran's Law Project
701 E. Bridger Ave., Ste. 400
Las Vegas, NV 89101
P: (702) 386-0404 Ext. 135
F: (702) 388-1641

*Via Certified Mail, Return Receipt Requested*

April 10, 2024

The Lincoln National Life Insurance Company
Attn: Appeal Review Unit
Group Benefits Disability Claims
P.O. Box 2578
Omaha, NE 68103-2578

Dear Appeal Review Unit Members:

Please accept this letter as written notification of our intention to appeal your denial of benefits for claim #15318345 dated February 13, 2024. In the interim, we are requesting that you forward a copy of the Hilton Grand Vacation Group Disability Policy for our review.

Thank you in advance for your prompt attention to this request.

Very Cordially Yours,

/s/ Thomas R. May

Thomas R. May, Esq.

# EXHIBIT

# D

NLS
NEVADA LEGAL SERVICES

LAS VEGAS
701 E. Bridger, Ste. 700
Las Vegas, NV 89101
Phone (702) 386-0404
Toll Free (866) 432-0404
Fax (702) 388-1641

RENO
449 S. Virginia St, 3rd Fl
Reno, NV 89501
Phone (775) 284-3491
Toll Free (800) 323-8666
Fax (775) 284-3497

CARSON CITY
209 N. Pratt Ave.
Carson City, NV 89701
Phone (775) 883-0404
Fax (775) 461-7237

ELKO
285 10th St.
Elko, NV 89801
Phone (775) 753-5880
Fax (775) 753-5890

YERINGTON
720 Main St., Unit A
Yerington, NV 89447
Phone (775) 463-1222
Fax (775) 463-1212

Ernest Neil Spaulding
7889 Harbor Town Avenue
Las Vegas, NV 89113
(702) 201-1782
ernest62@gmail.com

Nevada Legal Services, Inc.
www.nevadalegalservices.org
Thomas R. May – Staff Attorney
Veteran's Law Project
701 E. Bridger Ave., Ste. 400
Las Vegas, NV 89101
P: (702) 386-0404 Ext. 135
F: (702) 388-1641

April 10, 2024

U.S. Equal Employment Opportunity Commission (EEOC)
Las Vegas Local Office
333 Las Vegas Blvd South, Suite 5560
Las Vegas, NV 89101
(702) 553-4470
ATTN: EEOC Director Michael Mendoza and Regional Attorney Anna Y. Park

Dear Mr. Mendoza and Ms. Park:

Please consider this letter a formal charge of discrimination on the basis of age and disability against Hilton Grand Vacations, 2650 Las Vegas Blvd S, Las Vegas, NV 89109. This charge is filed under Title VII of the Civil Rights Act of 1964, as amended as incorporated by Section 107 of the Americans with Disabilities Act (42 U.S.C.A. § 12117), which prohibits discrimination in employment on the basis of disability, as well as the Age Discrimination in Employment Act of 1967 (ADEA) (29 USC §621) which protects employees 40 years of age and older from discrimination on the basis of age in instances of discharge.

On August 18, 2022, Mr. Ernest Neil Spaulding ("Spaulding") was employed by Hilton Grand Vacations [Hilton Resorts Corporation] [2650 Las Vegas Blvd S, Las Vegas, NV 89109] ("Hilton") as a Marketing Representative, a position that required him, in part, to make vacation ownership presentations to eligible guests and visitors.[1] At all times relevant, Spaulding met or exceeded his

[1] Job requirements also included promotion of booking eligible vacation ownership presentations, previews and the sale of mini-vacation packages to on-site guests and visitors * * * Distribute approved promotional information and incentives to guests that are Owners, RCI Exchangers, and Renters that meet eligibility qualifications determined by Marketing management * * * Generates leads and books qualified timeshare sales presentations

supervisor's expectations and was qualified to perform the essential functions of his position without any accommodation.

In early December 2023, Spaulding notified Hilton that he had contracted COVID-19 and would utilize accumulated paid time off until he had sufficiently recovered to personally return to work. In addition, Spaulding's infection resulted in other COVID-related impairments that adversely affected his health. At all times material, Spaulding kept Hilton Marketing Vice President Aaron Thomas ("Thomas") apprised of his illness.

Later, Thomas issued a warning that Spaulding's productivity had decreased and that he was not logging the requisite number of hours for making presentations. Thereafter, Spaulding's employment was terminated on or around January 14, 2024.

Hilton knew that Spaulding had previously contracted COVID-19 while in its employ because he had taken time off due to severe and extended symptoms. Hilton was also aware that Spaulding's age stationed him in a vulnerable and high-risk medical category. Spaulding's lingering COVID-19 symptoms constituted a disability, and he was adversely impacted due to his age. No reasonable accommodation was ever contemplated, much less offered. Spaulding's medical leave did not constitute an undue hardship for Hilton.

Spaulding's long COVID affliction is a recognized long-term disability that substantially limited his major life activities. Hilton illegally fired him due to his age and disability, in violation of federal anti-discrimination laws.

_______________________
Ernest Neil Spaulding
(702) 201-1782
ernest62@gmail.com

VERIFICATION
State of Nevada
County of Clark

Ernest Neil Spaulding, being duly sworn, deposes and says that he is the charging party and has read the foregoing charge and knows the contents thereof; and that the matters stated therein are true of his own knowledge, except those matters stated on information and belief, and as to them he believes it to be true.

_______________________
Ernest Neil Spaulding

Subscribed and sworn to before me on April 16, 2024.

TRACI K. BAEZ
Notary Public-State of Nevada
APPT. NO. 20-4005-01
My Appt. Expires 09-23-2024

Notary Public - State of NV

# EXHIBIT

# E

Lincoln Financial Group

#15318345

# Claim number: 15318345

**CLAIMANT NAME**
Ernest SPAULDING

**SUBMISSION DATE**
02/02/2024 4:09 PM

## Personal Identification

**SOCIAL SECURITY NUMBER**
xxx-xx-3761

## Personal information

**FIRST NAME**
Ernest

**MIDDLE INITIAL**

**LAST NAME**
SPAULDING

**DATE OF BIRTH**
~~01/11~~/1946
3/17-1946

**GENDER**
M

## Contact information

**PHONE**
702~~2011742~~ 762-201-1782
775-271-0022

**EMAIL**
ERNESTSPAULDING62@GMAIL.COM

**PREFERRED METHOD FOR NON-CONFIDENTIAL CORRESPONDENCE**
MAIL

## Residential information

**ADDRESS 1**
7889 HARBOUR TOWN AVENUE

**ADDRESS 2**

**CITY**
LAS VEGAS

**POSTAL CODE**
89113

**COUNTRY**
UNITED STATES

**STATE**
NEVADA

**Employment Security Division**
Adjudication Center
500 East Third Street
Carson City, NV 89713-0035
Tel (775) 684-0302 Fax (775) 684-0338
Tel (702) 486-7999 Fax (702) 486-7987

DETR
Nevada Department of Employment, Training and Rehabilitation
ONE NEVADA - Growing A Skilled, Diverse Workforce

21181025
https://ui.nv.gov

**Original**

ERNEST NEIL SPAULDING
7889 HARBOUR TOWNE AVE
LAS VEGAS, NV 89113

RE: HILTON RESORTS CORPORATION
Claimant ID: 3713875
Issue ID: 7390236
Week End Date: 01/20/2024
Date Mailed: 02/05/2024
Last Day to Appeal: 02/16/2024
Decision Date: 02/02/2024

*** See back of form for Appeal Rights and other important information.**

***Vea el reverso de la hoja para los derechos de apelación y otra información importante.**

**DECISION**

You are entitled to benefits from 01/14/2024, if otherwise eligible.

**REASON FOR DECISION**

You were discharged for unsatisfactory work performance. Your employer reported you were discharged due to poor work performance, however, failed to cite the specific final incident that caused your discharge.

Inability to perform your job to your employer's satisfaction is not considered misconduct in connection with the work.

**Pertinent Section of Law:**

**NRS 612.385:** A person is ineligible for benefits if he was discharged from his last or next-to-last employment for misconduct connected with the work, and remains ineligible until he works in covered employment and earns his weekly benefit amount in each week up to 16 weeks.

**APPEAL RIGHTS**

Notice: If you receive more than one decision, read each one carefully to protect your appeal rights. ANY ineligible decision will stop payment of this claim. Please read the following information carefully. If you disagree with this decision you have the right to file an appeal. The appeal must be faxed or postmarked by 02/16/2024. You may request an appeal date extension, if you did not file your appeal timely, however, you must show good

21181025

cause for the delay in filing. You may appeal by writing a letter to the address shown at the top of the previous page. This appeal must include your reason for appealing, the employer name, your social security number and your signature. If an interpreter is needed, please include this request in the appeal letter. During the appeal process you must continue to file claims for any week you are unemployed to preserve any benefit rights that may be established as a result of the appeal. If your employer files an appeal, you should participate in the hearing to protect your rights. If you need additional information, please contact the telephone claims office.

An equal opportunity employer/program.
Auxiliary aids and services available upon request for individuals with disabilities
Relay 711 or (800) 326-6868

**For Spanish Language Interpretation**

**Para la traducción al Español**

Avisol: Esta notificación contiene información importante acerca de su reclamo, incluyendo plazos para la apelación. Si Ud. tiene problemas para leer y entender Inglés, puede contactarse con un representante de la División de Seguridad de Empleo al para assistencia en traducción.

El Norte de Nevada..............1-775-687-8148
El Sur de Nevada.................1-702-486-2957
Numero de llamada gratuita...1-888-687-8147

Si la decisión establece que usted has sido descalificado para los beneficios de desempleo, usted tiene el derecho de apelar esta decisión presentando una apelación dentro de once días con el División de Seguridad de Empleo. La fecha límite de apelación está anotada en la parte superior de la carta de decisión. Si usted no presenta una apelación a tiempo, puede perder la oportunidad de recibir los beneficios de desempleo. Si se determina que usted no tiene derecho a recibir los beneficios de desempleo, usted puede ser responsable de devolver los beneficios que haya recibido previamente.

Lincoln Financial Group

The Lincoln National Life Insurance Company
Disability and Life Claims
PO Box 2578
Omaha, NE 68103-2578
Phone No.: (800) 210-0268
Secure Fax No.: (603) 334-0401

00001889 LI-PK2EJ1 00008133

February 13, 2024

Ernest N. Spaulding
7889 HARBOUR TOWN AVENUE
LAS VEGAS, NV 89113

RE: Short Term Disability (STD) Benefits
Hilton Grand Vacations
Claim #: 15318345

Dear Ernest:

The Lincoln National Life Insurance Company is responsible for managing claims for Short Term Disability (STD) benefits under Hilton Grand Vacations's Group Disability Policy. We are writing in reference to your claim for STD benefits under the Policy.

Based on the information received, your claim has been denied and no benefits are payable.

The Policy contains the following provision regarding termination of coverage:

> ***You will cease to be insured on the earliest of the following dates:***
>
> *1. the date this plan terminates, but without prejudice to any claim originating prior to the time of termination;*
>
> *2. the date you are no longer in an eligible class;*
>
> *3. the date your class is no longer included for insurance;*
>
> *4. the last day for which any required Employee contribution has been made;*
>
> *5. the date employment terminates. Cessation of Active Employment will be deemed termination of employment, except the insurance will be continued for an Employee absent due to Disability during the Elimination Period.*
>
> *6. the date you cease active work due to a labor dispute, including any strike, work slowdown, or lockout.*
>
> *Lincoln reserves the right to review and terminate all classes insured under this plan if any class(es) cease(s) to be covered.*

Since your date of disability is January 12, 2024 and you were terminated on January 11, 2024, we are unable to approve your claim.

This claim determination reflects an evaluation of the claim facts and the Policy provisions. No internal rules, guidelines, protocols, standards or other similar criteria were relied upon in rendering the claim determination. We reserve the right to make a determination on any additional information that may be submitted.

Under the Employee Retirement Income Security Act of 1974 (ERISA), you may request a review of this denial by writing to the address below:

The Lincoln National Life Insurance Company
Attn: Appeal Review Unit
Group Benefits Disability Claims
P.O. Box 2578
Omaha, NE 68103-2578

The written request for review must be sent within 180 days from the receipt of this letter and state the reasons you feel your claim should not have been denied. In your request for review please include the following documentation:

Proof from your employer that you are eligible for benefits and an active employee as of January 11, 2024, copies of all office treatment notes, diagnostic test results, prescription histories, treatment plans, physical therapy records, procedure or operative reports, and any hospital discharge summaries from January 11, 2024 through the present. This medical information is needed from all treating providers, specialists or therapists; along with any additional information or specific restrictions and limitations established with the objective evidence to support disability.

You should also provide any additional information that you feel will support your claim.

You are entitled to receive, upon request and free of charge, copies of all claim file documents relevant to the claim determination. If Lincoln Financial Group does not receive your written request for review within 180 days from the receipt of this notice, our claim decision will be final, your file will remain closed, and no further review will be conducted.

Under normal circumstances, you will be notified of the final decision within 45 days from the date your request is received.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bąąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If special circumstances cause a delay in our decision, you will be notified of the final decision no later than 90 days from the date your request is received.

Nothing in this letter should be construed as a waiver of any rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved by Lincoln Financial Group, whether or not they are specifically mentioned herein.

If you have any questions regarding this matter, please contact me.

Sincerely,

Ashley Tilley
Claims Examiner
Phone No.: (800) 210-0268 Ext. 69592
Secure Fax No.: (603) 334-0401

00001989 LFPK2ED1 0008134 E